IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| LONNIE C. JACKSON | : | NO. 97-404-02 |

**MEMORANDUM**

Padova, J.                                                                                                                                                      June 21, 2013

Before the Court is Petitioner Lonnie C. Jackson's pro se Petition for Writ of Error Coram Nobis, in which Jackson asks that we vacate the restitution order entered in connection with his conviction and sentence. For the following reasons, we dismiss the Petition.

**I. BACKGROUND**

On May 22, 1998, Lonnie C. Jackson was convicted by a jury of one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count One); and one count of access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (Count Two). The charges arose out of Jackson's use of counterfeit credit cards to obtain cash advances and purchase merchandise in various cities throughout the United States, from July 1996 to August 1997.

Jackson was sentenced on November 12, 1998, to a term of imprisonment of 90 months on Count One, and 70 months on Count Two, to run consecutively. Jackson was also sentenced to three years of supervised release, and to pay a special assessment of $200.00 and restitution in the amount of $3,091,250.70. Jackson appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit on November 24, 1998. The Third Circuit affirmed Jackson's conviction and sentence on December 21, 1999. United States v. Jackson,

203 F.3d 818 (3d Cir. 1999). Jackson was released from imprisonment on September 15, 2009, and his term of supervised release ended on September 15, 2012.

On April 11, 2013, Jackson filed the instant pro se Petition for Writ of Error Coram Nobis, requesting that we vacate the restitution order entered in connection with his 1998 conviction and sentence. The Petition raises two claims for relief, which assert that that the Court erred by: (1) failing to make factual findings regarding Jackson's ability to pay the restitution order; and (2) ordering an amount of restitution that was based in part on losses that occurred before the period of criminal conduct charged in the Second Superseding Indictment.

## II. LEGAL STANDARD

The Writ of Error Coram Nobis is available to petitioners in the federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651, but it remains "an extraordinary remedy that 'has traditionally been used to attack [federal] convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255.'" United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (alteration in original) (quoting United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000)). "A court's jurisdiction to grant such relief is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus." Id. (citing United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). Relief pursuant to the writ is appropriate "only '[(a)] to correct errors for which there was no remedy available at the time of trial and [(b)] where sound reasons exist for failing to seek relief earlier.'" Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (alterations in original) (quoting Stoneman, 870 F.2d at 106). "Earlier proceedings are presumptively correct and the

petitioner bears the burden to show otherwise." Stoneman, 870 F.2d at 106 (citing United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963)).

## III. DISCUSSION

The "threshold requirement" in our analysis is whether Jackson has alleged facts which demonstrate that "'sound reasons exist for failing to seek relief earlier.'" United States v. Babalola, 248 F. App'x 409, 412 (3d Cir. 2007) (quoting Stoneman, 870 F.2d at 106). Jackson was sentenced on November 12, 1998, and appealed his conviction and sentence to the Third Circuit on November 24, 1998. The only issue that he raised on direct appeal was whether the district court constructively amended the Second Superseding Indictment by instructing the jury that it could consider certain irrelevant fraudulent transactions in its determination of whether he used counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(1). (See Appellant's Br., 1999 WL 33659619, at *2, *12.) The Third Circuit rejected that argument and affirmed his conviction and sentence on December 21, 1999. Jackson, 203 F.3d 818.

In the instant Petition, Jackson argues for the first time that the Court failed to make factual findings regarding his ability to pay the ordered restitution, and improperly calculated the restitution amount by including losses that occurred outside of the temporal period of criminal conduct identified in the Second Superseding Indictment. However, Jackson does not allege that he objected to the Court's restitution order on either of those bases at his sentencing hearing. Moreover, Jackson did not raise those grounds for relief on direct appeal, even though a criminal defendant may seek review of an alleged error in a restitution order on direct appeal.[1] See, e.g.,

---

[1] Jackson did not file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Third Circuit has "express[ed] no opinion as to whether [a defendant] may challenge his restitution order through 28 U.S.C. § 2255." Gardner v. Bledsoe, 415 F. App'x

United States v. Latimer, 54 F. App'x 105, 108-09 (3d Cir. 2002) (reviewing on direct appeal the defendant's claims that the district court erred in calculating loss and by failing to consider his ability to pay an order of restitution).

Jackson does not even acknowledge that he could have raised his instant claims on direct appeal, much less made any showing that there were "sound reasons" that prevented him from doing so. See United States v. Ishola, 248 F. App'x 328, 329 (3d Cir. 2007) (noting that because the defendant "could have pursued his claims on direct appeal . . . , he failed to show sound reasons for failing to seek relief earlier"). We therefore conclude that Jackson has failed to satisfy the "threshold requirement" for relief pursuant to the Writ of Error Coram Nobis, Babalola, 248 F. App'x at 412, and accordingly, we dismiss the Petition.

## IV. CONCLUSION

For the foregoing reasons, we dismiss the Petition. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

384, 386 n.2 (3d Cir. 2011). However, we need not reach this question because, even if Jackson could not have raised the instant issues in a § 2255 motion, he has failed to establish that he had "sound reasons" for failing to raise them on direct appeal.